UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET "DOC" BERKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2378-B |
| | § | |
| CITY OF KEENE | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Keene's Motion for Summary Judgment (doc. 10), filed April 4, 2011, and Plaintiff Bret "Doc" Berkman's Motion for Leave to File Surreply (doc. 14), filed May 18, 2011. Having considered the Motions, the Court is of the opinion that the Motion for Summary Judgment should be and hereby is **GRANTED**, and the Motion for Leave to File Surreply should be and hereby is **DENIED**.

## I.

## BACKGROUND

Throughout 1986, Laslo and Annie Varga owned and operated a home for children who were wards of the state. (Def.'s Br. Mot. Summ. J. ¶ 1). On April 11, 1986, the Vargas entered into an agreement (the "Agreement") with the City of Keene (the "City"). (*Id.*). The Agreement provided that the City would furnish free water and sewer services to the Vargas' property for thirty-five years, or twenty years if the property ceased being a home for children. (*Id.* at ¶ 2). The benefits of the Agreement were transferable and assignable, and inured to the benefit of successors and assigns of the property. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 4).

-1-

On January 31, 2003, Bret "Doc" Berkman ("Berkman") acquired a portion of the property. (Def.'s Br. Mot. Summ. J. ¶ 5). At the time of the purchase, Berkman began paying for water and sewer services because he was unaware of the Agreement. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 4). Three years later, on May 9, 2006, Berkman learned of the Agreement and stopped paying for those utilities. (*Id.*). The City refused to reimburse Berkman or provide free water and sewer services for the remainder of the Agreement. (*Id.* at 5).

Berkman filed suit against the City in State Court on August 17, 2006, alleging the Agreement is a contract breached by the City. (Def.'s Br. Mot. Summ. J. ¶ 7). Berkman filed his First Amended Petition on May 22, 2007, and a Seconded Amended Petition on June 19, 2007. (Def.'s Br. Mot. Summ. J. ¶¶ 8–9). The City filed its Motion for Summary Judgment on November 30, 2007, arguing that the Agreement was not assigned to Berkman by the Vargas. (Def.'s Br. Mot. Summ. J. ¶ 11). The Trial Court granted summary judgment in favor of the City, and Berkman appealed. (*Id.*). On July 15, 2009, the Texas Court of Appeals reversed and found in favor of Berkman. (*Id.* at ¶ 12). On July 30, 2009, the City moved for rehearing, arguing that it has governmental immunity from Berkman's breach of contract claim. (*Id.* at ¶ 13). The Court of Appeals reversed itself on this basis, and dismissed Berkman's claims due to lack of jurisdiction. (See App. to Def.'s Mot. Summ. J. 407–414 (doc. 10)). Subsequently, Berkman filed a petition for review with the Texas Supreme Court on December 21, 2009. (Def.'s Br. Mot. Summ. J. ¶ 15). It was denied on May 7, 2010. (*Id.* at ¶ 16). On June 25, 2010, Berkman filed a Motion for Rehearing of his case with the Texas Supreme Court, and on October 1, 2010, it was denied. (Def.'s App. to Mot. Summ. J. 403; 473–493).

Berkman filed a new suit in State Court on October 29, 2010, claiming that by failing to

honor the Agreement, the City engaged in an unconstitutional taking of Berkman's property without just compensation. (*See* App. to Pl.'s Br. Resp. Mot. Dismiss 4–8). This suit was the first time Berkman introduced a theory of recovery based on the takings clause. (*See generally* Def.'s App. to Mot. Summ. J.). The City removed the suit to this Court on November 19, 2010, and filed a Motion to Dismiss (doc. 3) on November 22, 2010 arguing that Berkman's claims were already litigated and that the current lawsuit is barred by res judicata. (*See generally* Def.'s Mot. Dismiss). On March 2, 2011, the Court denied the Motion to Dismiss, and issued an Order (doc. 9) directing the City to re-file its motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The City filed its Motion for Summary Judgment on April 4, 2011, and Berkman responded on April 22, 2011. The City filed its Reply (doc. 13) on May 6, 2011. On May 18, 2011 Berkman filed his Motion for Leave to File Surreply, and the City filed its Response to Plaintiff's Motion for Leave to File Surreply (doc. 15) on June 8, 2011. Having considered the Motions, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

A.  *Summary Judgment*

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed R. Civ. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v.*

*Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the nonmovant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,'... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences, but instead confine its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

B.   *Res Judicata*

"'Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). When a federal court considers whether res judicata applies to a judgment made by a Texas state

court, Texas law concerning res judicata is governing. *Wainscott v. Dall. Cnty.*, 408 F. App'x. 813, 815 (5th Cir. 2011).

Texas courts "follow the transactional approach, which bars a subsequent suit if it 'arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit.'" *Id.*; *See also Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992). "Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried." *Abbott Lab. v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971)(citations ommitted).

Under Texas law, three elements must be satisfied in order for res judicata to be appropriate: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

### III.

### ANALYSIS

*A. Defendant's Motion for Summary Judgment*

In its Motion for Summary Judgment, the City argues that Berkman's claims are barred by res judicata and must be dismissed. Berkman admits the current suit involves the same parties and is based on the same claims as the first-filed action, but denies his suit is barred by res judicata for several reasons. (*See* Pl.'s Br. Resp. Def.'s Mot. Summ. J. 12). For the reasons discussed below, the Court finds Berkman's arguments unpersuasive.

In its Motion, the City maintains that a dismissal based on governmental immunity is a dismissal with prejudice, and thus is sufficient to invoke res judicata. (Def.'s Br. Mot. Summ. J. 7). In response, Berkman argues judgments based on a lack of subject matter jurisdiction are not final orders, and cannot be used as a basis for res judicata. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 7).

A dismissal based on governmental immunity is treated as a dismissal based on a lack of jurisdiction. *Tex. Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638–639 (Tex. 1999). However, immunity from liability does not affect a court's jurisdiction to hear a case. *Id.* at 638. The Supreme Court of Texas has plainly stated that dismissals due to governmental immunity are dismissals with prejudice. *Harris Cnty. v. Faye Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined."). The Fifth Circuit came to the same conclusion when it held that under Texas law "summary judgment on grounds of sovereign immunity is a judgment on the merits for purposes of res judicata." *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984).

Berkman relies on *Helen Li v. University of Texas Health Science Center at Houston*, 984 S.W.2d 647, 654 (Tex. App. – Houston [14th Dist.] 1998, pet. denied) and *Herbert M. Schenker v. City of San Antonio*, 369 S.W.2d 626, 630 (Tex. Civ. App. – San Antonio 1963, writ ref'd n.r.e.) to argue that dismissal based on governmental immunity is a dismissal without prejudice. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 7). However, both cases predate the *Harris County* decision. *See* 136 S.W.3d at 639 (holding that a suit is dismissed with prejudice when the defendant is immune from the claim). The Court finds that the Texas State Court of Appeals' dismissal based on governmental immunity is a dismissal with prejudice, and acts as a final judgment. Accordingly, Berkman's claims are barred by res judicata, and summary judgment in favor of the City is appropriate.

The City also contends that in order to pursue a takings clause theory, Berkman should have amended his initial pleadings to include that claim. (Def.'s Br. Mot. Summ. J. 6–9). In response, Berkman argues that when a case is dismissed due to a jurisdictional problem, the plaintiff is afforded the right to re-file his claim in a proper court and add additional legal theories to his cause of action. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 6–7, 12). Berkman claims he is curing a defect in his pleadings by transforming his breach of contract claim into a takings claim in order to avoid dismissal based on governmental immunity. However, Berkman offers no explanation as to why he failed to amend his pleadings in the initial lawsuit to include this new theory.

In Texas, res judicata "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried." *Abbott Lab.*, 470 S.W.2d at 642. Thus, the question is not whether Berkman was required to amend his pleading to include his takings claim, but rather whether, acting diligently, he would have done so.

Berkman asserts that the issue of governmental immunity was first raised during the City's Motion for Rehearing on July 30, 2009. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 5). However, governmental immunity is first mentioned on July 26, 2007, in the City's First Amended Answer to Berkman's first lawsuit. (Def.'s App. to Mot. Summ. J. 47). Even if Berkman is correct about when the immunity issue was first raised, he petitioned the Texas Supreme Court for review of his case well after July 30, 2009, and did not raise his takings claim issue at that time. (*Id.*). Berkman subsequently petitioned the same court for rehearing and argued against the City's immunity claim on separate grounds, again without mentioning his takings claim. (Def.'s App. to Mot. Summ. J. 473–493). Texas Rule of Appellate Procedure 49.5 states "[a]fter a motion for rehearing is decided,

a further motion for rehearing may be filed within 15 days of the court's action if the court: (a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues a different opinion." TEX. R. APP. PROC. 49.5. In either of Berkman's petitions, he had the ability to argue his takings claim, but instead chose to focus on other legal theories.

Despite being fully aware of the City's immunity argument, and having several opportunities to amend his pleadings, Berkman failed to act diligently and raise the takings issue. Thus, the claim is barred by res judicata, and the Court finds summary judgment in favor of the City is appropriate.

Finally, the City argues it is entitled to summary judgment because Berkman has no legal grounds to file a new suit based on his takings claim. (Def.'s Br. Mot. Summ. J. 9–10). Berkman insists that Sections 16.064 and 16.068 of the Texas Civil Practices and Remedies Code stand for the proposition that when a case is dismissed for want of jurisdiction, a plaintiff may re-file his case in the proper court with additional legal theories. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 8–9). However, Berkman misinterprets both the scope and intention of those provisions.

Section 16.064 tolls the statute of limitations for filing a second suit where a plaintiff's first suit is dismissed due to a lack of jurisdiction. TEX. CIV. PRAC. & REM. CODE § 16.064. It is intended to "suspend[ ] the limitations period when a party mistakenly, and in good faith, files suit in one court, when jurisdiction was only proper in another . . . .". *City of DeSoto v. White*, 288 S.W.3d 389, 401 (Tex. 2009). Berkman's suit was dismissed on governmental immunity. It was not mistakenly brought in a court where it did not belong; in fact, Berkman filed his first and second suits in the same venue. (Pl.'s Br. Resp. Def.'s Mot. Summ. J. 5–6). The only material changes between the suits are the legal theories upon which they are based. Because the Court finds Berkman's claim would have been dismissed regardless of where it was filed, jurisdiction was not proper in any venue,

and Section 16.064 is inapplicable. *See Mohamad v. Dallas Co. Cmty. Coll.*, No. 3:10-CV-1189-L, 2010 WL 4883436, at *1 n. 1 ("[T]here is no court, state or federal, that has jurisdiction to hear these claims because they are barred by governmental immunity.")

Section 16.068 is a "relation back" statute that allows new claims related to an initial claim to be added to a plaintiff's pleading. TEX. CIV. PRAC. & REM. CODE § 16.068. However, Berkman cites no authority and offers no explanation as to why the statute should be read to allow him to file an entirely new suit. (*See* Pl.'s Br. Resp. Def.'s Mot. Summ. J. 8–9). A plain reading of the statute does not support allowing plaintiffs to endlessly search for new grounds upon which to sue after their claims have already been litigated. Thus, the Court finds Section 16.068 is inapplicable to the instant case.

Because neither of the statutes Berkman references allow him to file a second suit after his first was dismissed on grounds of governmental immunity, Berkman is barred from relitigating his claims and summary judgment in favor of the City is appropriate.

*B. Plaintiff's Motion for Leave to File Surreply*

Berkman also contends that the City presents new legal issues in its Reply that warrant a Surreply. Specifically, Berkman seeks leave to respond to the City's argument that Berkman waived his takings claim by failing to amend the pleadings to incorporate it. (Pl.'s Mot. Leave File Surreply 5). The Court finds that the City was not presenting a new legal issue, but rather responding to Berkman's assertions that he was free to file a new suit in lieu of amending his initial pleadings to incorporate his takings claim. Because Berkman's Motion for Leave to File Surreply involves issues already addressed above, the Court **DENIES** the Motion.

## IV.

## CONCLUSION

For the foregoing reasons, the Court finds that the City's Motion for Summary Judgment should be and hereby is **GRANTED.** Berkman's Motion for Leave to File Surreply is **DENIED.** Costs are to be borne by the party incurring same.

**SO ORDERED.**

**SIGNED July 29, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE